IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

United States District Court
Southern District of Texas
FILED

JUL 1 4 2010

David J. Bradley, Clerk of Court

CASE NO. 10 CV 2507

JURY TRIAL DEMANDED

KAMECHEAL MCKEEVER, PLAINTIFF

Vs.

EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES,

ARTIS ELLIS,

and BRENT BIGGS, DEFENDANTS

## COMPLAINT

1. Plaintiff, KaMeCheal McKeever (hereinafter referred to as "Plaintiff"), alleges that she is a bonafide resident of the state of Texas, residing at 8614 Saint Lo, Houston, TX 77033.

2. Plaintiff alleges that the Defendant, Educational Commission for Foreign Medical Graduates (hereinafter referred to as "ECFMG"), is a foreign corporation licensed to do business and in fact engaged in business in the state of Texas with its principal place of business being located at 400 North Sam Houston Parkway, Suite 700, Houston, TX 77060.

3. Plaintiff alleges that Defendant, Artis Ellis (hereinafter referred to as "Ellis"), was, at all times relevant to the facts and circumstances surrounding the Plaintiff's claims, employed in a supervisory capacity with the Defendant ECFMG, with her residence being located at 3915 Oakside Drive, Houston, TX 77053.

4. Plaintiff alleges that Defendant, Brent Biggs (hereinafter referred to as "Biggs"), was, at all times relevant to the facts and circumstances surrounding the Plaintiff's claims, employed in a supervisory capacity with the Defendant ECFMG, with his residence being located at 12503 Honor Park Drive, Houston, TX 77065.

5. Plaintiff alleges that federal jurisdiction for racial and/or sexual discrimination, retaliatory discriminatory, wrongful discharge is proper pursuant to Title VII of the Civil Rights Act of 1964, as amended. Plaintiff further alleges that this court has jurisdiction over her state law claims set forth below pursuant to this Court's ancillary and pendant jurisdiction.

6. Plaintiff alleges that she has exhausted her administrative remedies relating to her federal claims for racial and/ or sexual discrimination and retaliatory discriminatory wrongful discharge through the U.S. Equal Employment Opportunity Commission. Plaintiff alleges that said agency mailed to her a Notice of a Right to Sue Letter on April 16, 2010, attached hereto as Complaint Exhibit "A" and incorporated by reference.

7. Plaintiff alleges that venue is proper in this federal district court in that all of her claims arose herein.

## COUNT I- RACIAL DISCRIMINATION IN WRONGFUL DISCHARGE

8. Plaintiff re-alleges that the allegations set forth above verbatim and incorporates the same by reference as if set forth herein.

9. Plaintiff alleges that she, as a female black employee, was employed by Defendant ECFMG as a Standardized Patient Trainer from October 25, 2004 to April 1, 2010 when she was wrongfully discharged by Defendant ECFMG, allegedly with cause for "unacceptable and improper conduct". Plaintiff alleges that at the time of commencement of her employment with said employer, she executed a binding and enforceable contract setting forth the terms and conditions of her employment, attached hereto as Complaint Exhibit "B". At page 29 of said employment contract, titled "ECFMG Employee Handbook", it is stated that Defendant ECFMG may terminate an employee "with or without cause", meaning that if the Defendant ECFMG chooses to terminate an employee "with cause", Defendant ECFMG must prove cause.

10. Plaintiff alleges that at no point in time prior to her wrongful discharge on April 1, 2010 has she engaged in any form of "unacceptable and improper conduct" within the scope of her employment; that she received outstanding work performance evaluations and had never been subjected to any form of progressive disciplinary action as outlined on pages 18-19 of the "ECFMG Employee Handbook". To the contrary, Plaintiff alleges that her wrongful termination from employment was motivated, in whole or in substantial part, by Defendants ECFMG, acting by and through its supervisory personnel Defendants Ellis and Biggs and other supervisors, by racial and/or sexual discriminatory considerations and to retaliate against the Plaintiff in a discriminatory manner for her exercise of her civil and contractual rights as an employee as set forth herein.

11. Plaintiff alleges that just subsequent to her wrongful discharge, on May 11, 2010, the Texas Workforce Commission rendered a decision, attached as Complaint Exhibit "C", which notified the Plaintiff, in pertinent part, that "our investigation found your employer discharged you from your last work for a reason that is not misconduct connected with the work". Plaintiff alleges that Defendant ECFMG did not appeal this Texas Workforce Commission decision, it is final, and its findings that Plaintiff engaged in "no misconduct" relating to her wrongful discharge is binding and enforceable against Defendant ECFMG in this proceeding under the principal of res judicata.

12. Plaintiff alleges that on March 19, 2010, her grandfather died. Plaintiff requested bereavement and/ or funeral leave from Defendant ECFMG. Attached hereto as Complaint Exhibit "D" is the bereavement and/or funeral leave policy contained within the Policy and Procedures Manual of Defendant ECFMG. Under section II "Definitions" a grandparent is classified as an "Immediate Family Member". Plaintiff alleges that while under section IV "Procedures", subsection D, "the supervisor and/ or manager reserves the right to require an "employee" to produce verification of the death and/or relationship", in practice, prior to the death of Plaintiff's grandfather, no other employee of Defendant ECFMG had ever been required to verify a family members death during the Plaintiff's term of employment there. Plaintiff alleges that not only did supervisory personnel of Defendant ECFMG require her to provide written verification of the death, but Defendant Biggs, a Caucasian male, without notifying Plaintiff or seeking her consent, called her grandfather's funeral home and requested that the funeral home give Defendant Biggs the deceased's information, a gross and unconscionable invasion of Plaintiff's privacy rights. Plaintiff alleges that on no prior occasion during her term of

4

employment with Defendant ECFMG had any supervisory personnel of Defendant ECFMG ever contacted a funeral home associated with the death of an employee's family member to request verification of death and/or employee relationship information.

13. Plaintiff alleges that on March 29, 2010 when she returned to work from bereavement leave, she requested that Defendant Biggs, a Caucasian male, provide her with a copy of the documentation that the funeral home provided Defendant ECFMG, causing Defendant Biggs to treat the Plaintiff with great hostility. Plaintiff alleges that when she complained about Defendant Biggs behavior to Defendant Ellis, a black female, on March 30, 2010, Defendant ECFMG wrongfully posted Plaintiff's job as available on the internet, even before said Defendant had notified the Plaintiff that her employment was terminated. Plaintiff alleges that when she appeared in the office of Defendant Ellis on April 1, 2010, Defendant Biggs, a Caucasian male, rudely informed Plaintiff that "you need to learn who you are talking to" before he told her she was discharged. See attached Complaint Exhibit "E", "Charge of Discrimination", dated April 5, 2010.

14. Plaintiff alleges that just subsequent to her wrongful discharge, Defendant ECFMG filled Plaintiff's Standardized Patient Trainer Position by hiring a male.

15. Plaintiff alleges that during a period of three years prior to her wrongful discharge on April 1, 2010, Defendant ECFMG, engaged in a continuous pattern and practice of discriminatory treatment of employees based on race, sex, or place of national origin. This continuous pattern and practice was initiated, condoned, and tolerated by Caucasian supervisory personnel of Defendant ECFMG and concealed by virtue of administering this discriminatory treatment towards predominantly black and Hispanic females through

a black supervisor, Defendant Elllis. Plaintiff alleges that the discriminatory treatment included hostile and harassing acts of mistreatment towards black and Hispanic female employees including, but not limited to, wrongful termination of said employees' without progressive disciplinary action treatment where similarly situated Caucasian employees who were terminated were extended numerous opportunities through progressive disciplinary treatment. Plaintiff alleges that her wrongful discharge on April 1, 2010 was in furtherance of this continuous pattern and practice of Defendant ECFMG of discriminatory employee treatment based on race, sex, or place of national origin, but in her case was directly promoted by virtue of the fact that she, a black female, was wrongfully terminated by a Caucasian male, Defendant Biggs.

16. Plaintiff alleges that on several instances prior to her wrongful termination on April 1, 2010, she defended the employment rights of other black and/or Hispanic female employees as well as herself being discriminated against based on race, sex, and/ or place of national origin by Supervisory personnel of Defendant ECFMG, and that Defendant ECFMG willfully, wantonly, and maliciously retaliated against her for assisting said employees by wrongfully discharging her.

17. Plaintiff alleges that Defendants ECFMG, Ellis, and Biggs, willfully, wantonly, and maliciously retaliated against her for rightfully exercising her employee bereavement and funeral rights by utilizing the opportunity presented to said Defendants while Plaintiff was exercising said rights to fabricate false allegations of "misconduct" against her to justify said Defendants' wrongfully retaliatory discharge of her based wholly, or in substantial part, on racial, sexual, and/or retaliatory motivations and discrimination.

18. Plaintiff alleges that Defendants ECFMG, Ellis, and Biggs, in willfully, wantonly, and maliciously wrongfully discharged Plaintiff in a racially discriminatory manner, have violated Plaintiff's Civil Rights under Title VII of the Civil Rights Act of 1964, as amended.

## COUNT II- SEXUAL DISCRIMINATION IN WRONGFUL DISCHARGE

19. Plaintiff re-alleges the allegations set forth above verbatim and incorporates the same by reference as is set forth herein.

20. Plaintiff, as a black female, alleges that she was wrongfully terminated from employment by Defendant Biggs, a Caucasian male, in whole or in substantial part, in furtherance of a continuous pattern and practice initiated, condoned, and promoted by Defendants ECFMG, Ellis, and Biggs of sexually discriminatory treatment of its female employees.

21. Plaintiff alleges that just subsequent to her wrongful termination from her employment by Defendant ECFMG, acting willfully, wantonly, and maliciously through Defendants Ellis and Biggs, Defendant ECFMG filled Plaintiff's Standardized Patient Trainer Position by hiring a male, thus highlighting the sexually discriminatory nature of Plaintiff's wrongful discharge.

22. Plaintiff alleges that Defendants ECFMG, Ellis, and Biggs, in willfully, wantonly, and maliciously wrongfully discharging Plaintiff in a sexually discriminatory manner, have violated Plaintiff's civil rights under Title VII of the Civil Rights Act of 1964, as amended.

## COUNT III- RETALIATORY DISCRIMINATION IN WRONGFUL DISCHARGE

23. Plaintiff re-alleges the allegations set forth above verbatim and incorporates the same by reference as is set forth herein.

24. Plaintiff alleges that Defendants ECFMG, Ellis, and Biggs, in wrongfully terminating Plaintiff's employment in retaliation for her rightfully exercising her employee bereavement and funeral rights in a manner that willfully, wantonly, and maliciously violated her federally protected rights of privacy and in retaliation, in whole or in substantial part, for assisting other female employees of Defendant ECFMG in protecting their civil rights from ECFMG's discriminatory acts based on race, gender, and place of national of origin, have violated Plaintiff's Civil Rights under Title VII of the Civil Rights Act of 1964, as amended.

## COUNT IV-WRONGFUL TERMINATION UNDER TEXAS LAW

25. Plaintiff re-alleges the allegations set forth above verbatim and incorporates the same by reference as if set forth herein.

26. Plaintiff alleges that Defendants ECFMG, under the Employee Handbook (Complaint Exhibit "B", page 29), whose terms and conditions set forth the employee-employer relationship between the parties herein, had the option to terminate Plaintiff's employment with and/or without cause. Plaintiff alleges that Defendant ECFMG, in choosing to terminate Plaintiff with cause, must prove cause by a preponderance of the evidence.

27. Plaintiff alleges that Defendants ECFMG, Ellis, and Biggs wrongfully terminated her employment for no cause in that she committed no act of misconduct towards the Defendants ECFMG, Ellis, and Biggs and, in fact, her wrongful termination was motivated, in whole or substantial part, by said Defendants' intentions to willfully, wantonly, and maliciously discriminate against her for racial, sexual, and retaliatory reasons.

28. Plaintiff alleges that in wrongfully terminating her employment for no cause, Defendants ECFMG, Ellis, and Biggs have violated the employment laws of the State of Texas.

## COUNT V- RETALIATORY DISCHARGE UNDER TEXAS LAW

29. Plaintiff re-alleges the allegations set forth above verbatim and incorporates the same by reference as if set forth herein.

30. Plaintiff alleges that there exists within the statutes, case law, employer policies and contracts of the State of Texas pronounced public policies relating to an employee's rightful exercise of bereavement and funeral rights' relating to the death of a family member, the personal privacy rights of employees and citizens who live in the State of Texas and whistleblower employee protections extended to employees who report supervisory personnel incidents of racial, gender, national origin, and retaliatory discrimination in employment and assist employees in their rights to be free from racial, gender, national, and retaliatory discrimination.

31. Plaintiff alleges that Defendants ECFMG, Ellis, and Biggs, in willfully, wantonly, and maliciously retaliating against Plaintiff by wrongfully terminating her employment as a

9

result of her lawful exercise of her employee bereavement and funeral rights, invading her personal privacy rights in pursuance of that wrongful termination and in retaliation for extending assistance to co-workers in their rights to be free from a hostile work environment and racial, sexual, national origin, and retaliatory discriminatory employment practices, have violated the pronounced public policies of the State of Texas and committed the tort of wrongful retaliatory discharge under Texas law.

## COUNT VI- BREACH OF EMPLOYMENT CONTRACT UNDER TEXAS LAW

32. Plaintiff re-alleges the allegations set forth above verbatim and incorporates the same by reference as if set forth herein.

33. Plaintiff alleges that as a condition precedent to her commencement of work as an employee of Defendant ECFMG she was required to execute and indicate her acceptance of the terms and conditions established by Defendant ECFMG in ECFMG's Employee Handbook (Complaint Exhibit "B") that would govern the employer-employee relationship between Plaintiff and Defendant ECFMG. Plaintiff alleges that the terms and conditions set forth in Defendant ECFMG's Employee Handbook are exhaustive and include, but are not limited to, provisions relating to: rates of pay, vocation and vacation pay, sick leave, absenteeism, job availability, EEO compliance, retirement and termination. Plaintiff alleges that Defendant ECFMG offered these terms and conditions to Plaintiff which she was free to accept or not to accept and seek work elsewhere. By executing the Defendant ECFMG Employee Handbook, Plaintiff indicated her acceptance of the terms and conditions set forth in said Employee Handbook, thus clearly creating an expressed and/or implied employment contract between Plaintiff as an

employee and Defendant ECFMG as employer. Plaintiff alleges that, contrary to any disclaiming language unconscionably inserted by Defendant ECFMG into said contract, the Employee Handbook offered by Defendant ECFMG and accepted by Plaintiff constitutes a valid, binding and enforceable contract between the parties therein.

34. Plaintiff alleges that on page 29 of the employment contract is contained the provisions by which ECFMG employees can be terminated from employment. These provisions provide that an employee can be terminated "with or without cause". Defendants ECFMG, Ellis, and Biggs elected to terminate Plaintiff "with cause", for purported "misconduct" meaning said Defendants must establish by a preponderance of evidence that Plaintiff engaged in one or more acts of misconduct.

35. Plaintiff alleges that Defendants ECFMG, Ellis, and Biggs by wrongfully and retaliatorily terminating her employment for no cause in that she did not engage in any act of misconduct within the scope of her employment, breached the employment contract between the Defendant ECFMG and Plaintiff.

## COUNT VII- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS UNDER TEXAS LAW

36. Plaintiff re-alleges the allegations set forth above verbatim and incorporates same by reference as if set forth herein.

37. Plaintiff alleges that Defendants ECFMG, Ellis, and Biggs, by willfully, wantonly, and maliciously terminating Plaintiff's employment in a retaliatory and discriminatory manner for no cause, did so in a calculated manner intended to inflict severe emotional

distress, mental anguish, depression, pain and suffering, embarrassment and humiliation upon the Plaintiff. Defendants ECFMG, Ellis, and Biggs intentional acts included, but were not limited to:

    a. Requesting Plaintiff provide Defendant ECFMG with written verification of her grandfather's death and their relationship status while never previously requesting the same from similarly situated employees of ECFMG;

    b. Wrongfully and unconscionably directly contacting Plaintiff's grandfather's funeral home without notifying Plaintiff of this action and seeking her consent to purportedly verify Plaintiff's grandfather's death and their relationship status during Plaintiff's period of bereavement;

    c. Treating Plaintiff rudely with numerous acts of hostility, callousness and gross indifference of her present mental state of bereavement in the immediate facts and circumstances surrounding her wrongful termination of employment;

    d. Notifying other members of Defendant ECFMG's work staff of the erroneous, defamatory reasons why Plaintiff was terminated from employment.

38. Plaintiff alleges that Defendants ECFMG, Ellis, and Biggs, in intentionally, maliciously, willfully, wantonly and wrongfully discharging Plaintiff from employment in a discriminatory manner set forth above, have directly and proximately caused the Plaintiff to suffer in the past, presently, and will cause her to suffer in the future, extreme mental anguish, depression, pain and suffering, embarrassment, and humiliation.

39. Plaintiff alleges that Defendants ECFMG, Ellis, and Biggs, under the facts and circumstances set forth above, have committed towards Plaintiff the tort of intentional infliction of emotional distress under the laws of the State of Texas.

## COUNT VIII- INVASION OF PRIVACY UNDER FEDERAL AND TEXAS LAW

40. Plaintiff re-alleges the allegations set forth above verbatim and incorporates same by reference as if set by set forth herein.

41. Plaintiff alleges that there exists under federal law as contained within the 5th and 14th amendments to the U.S. Constitution and supporting federal statutes fundamental rights of privacy, the invasion of which without being provided due process of law constitutes actionable violations of civil rights. Plaintiff further alleges that there exists within the Constitution of the State of Texas, Texas statutes (such as the Privacy Act), case law, contracts and employment policies provisions and public policies intended to protect citizens and employees from unwarranted and unreasonable invasions of their rights to privacy.

42. Plaintiff alleges that Defendants ECFMG, Ellis, and Biggs, through their commission of the wrongful, discriminatory and retaliatory acts specified above, which include, but are not limited to, said Defendants directly contacting Plaintiff's grandfather's funeral home without the knowledge and consent of Plaintiff and wrongfully and maliciously informing Plaintiff's co-workers of erroneous, fabricated reasons in attempting to justify her wrongful discharge, have intentionally invaded Plaintiff's privacy rights, including,

but not limited to, her right to confidentiality, and thus committed the tort of invasion of privacy recognized under federal law and the State of Texas law.

43. Plaintiff alleges that Defendants ECFMG, Ellis, and Biggs, through their intentional, willful, wanton, and malicious acts, all of which constitute either racial, sexual, retaliatory discriminatory acts, breaches of contract or breaches of duties owed Plaintiff by said Defendants to permit her to work free of racial, sexual or retaliatory discriminatory, and hostile employer actions, have directly and proximately caused Plaintiff to suffer damages, which are of a past, present, and future nature, and which include, but are not limited, to the following:

   a. Compensatory damages for past, present, and future loss of wages and employee benefits including, but not limited to, vacation pay, sick pay, bereavement pay, retirement benefits under a 403(b) retirement plan, educational reimbursement benefits, hospitalization benefits, and all other benefits;

   b. Compensatory damages for personal injuries including, but not limited to, damages for mental pain and suffering, mental anguish, depression, embarrassment, and humiliation;

   c. Compensatory damages in the form of legal interest relating to all lost wages and benefits sustained by Plaintiff;

   d. Punitive damages to be recovered by Plaintiff intended to punish Defendants ECFMG, Ellis, and Biggs for their willful, wanton, malicious, retaliatory, and discriminatory acts committed by them towards the Plaintiff and to prevent them

from committing any such wrongful acts in the future against similarly situated employees of Defendants ECFMG;

e. All attorney fees incurred by Plaintiff in her prosecution of claims.

Plaintiff further demands that she be fully reinstated to her former position as a Standardized Patient Trainer and that her employment record be completely expunged of any reference that she was terminated, as well as any reference, direct or indirect, that she committed any act of misconduct of any nature or any other alleged patterns of unprofessional behavior.

WHEREFORE, Plaintiff demands judgment against Defendants ECFMG, Ellis, and Biggs, jointly and severally, in an amount of compensatory and punitive damages sufficient to compensate her for all her financial losses and personal damages, past, present, and future, sustained or to be sustained by her, legal interest and reasonable attorneys fees incurred by her, plus whatever other relief that the court may deem just.

PLAINTIFF DEMANDS A TRIAL BY JURY.

*[signature]* 7-14-10

KaMeCheal McKeever

Plaintiff Pro Se

8614 SAINT Lo
HOUSTON, TX 77033
(281) 459-3800

15