IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KAMECHEAL MCKEEVER, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | |
| EDUCATIONAL COMMISSION FOR | § | 10-CV-2507 |
| FOREIGN MEDICAL GRADUATES, | § | |
| ARTIS ELLIS, AND BRENT BIGGS, | § | |
| | § | |
| Defendants. | § | |

## AFFIRMATIVE AND OTHER DEFENSES AND ANSWER

COME NOW Educational Commission for Foreign Medical Graduates, Artis Ellis and Brent Biggs ("Defendants"), and file their Affirmative and Other Defenses and Answer, and states:

1.

Plaintiff's Complaint, in whole or in part, fails to state a cause of action upon which relief can be granted.

2.

Plaintiff's Complaint against the individual Defendants should be dismissed in that there is no individual liability under Title VII or her state law breach of contract claim.

3.

Plaintiff's Complaint predicated upon the intentional infliction of emotional distress should be dismissed in that such cause of action is not available in this case.

4.

Plaintiff's claims based upon her assertions regarding the Educational Commission for Foreign Medical Graduates handbook should be dismissed in that it does not constitute a contract of employment under state law.

5.

Plaintiff was an "at will" employee under state law and her claims for "wrongful discharge" and "breach" on the employee handbook should be dismissed in that it is not a contract under state law.

6.

Plaintiff's claims as to "invasion of privacy" fail to allege conduct sufficient to invoke or satisfy that tort's requirements.

7.

Plaintiff's Complaint predicated upon alleged wrongful conduct involving funeral leave fails to state a claim under state or federal law.

8.

Plaintiff's claim for punitive damages would violate the Fourteenth Amendment to the U.S. Constitution and Article 1, Sections 13 and 16 of the Texas Constitution.

9.

Plaintiff's claim for punitive damages is limited by the caps of 42 U.S.C. § 1981a and the provisions of the Texas Civil Practice and Remedies Code.

10.

Plaintiff's claims for punitive damages must be established by clear and convincing evidence as a matter of law.

11.

Plaintiff has failed to mitigate her damages, if any, as required by law.

12.

Plaintiff's Complaint under Title VII is barred insofar as it is predicated upon events occurring more than 300 days prior to the filing of her charge

13.

Plaintiff's Complaint is barred in part by the applicable statute of limitations.

14.

Plaintiff's Complaint under Title VII is bared insofar as it exceeds the scope of the underlying EEOC charge.

15.

Plaintiff, as a pro se litigant, is not entitled to recovery of attorney's fees and her claim therefore should be dismissed.

## ANSWER

Subject to the above and foregoing Affirmative and Other Defenses, Defendants plead as follows to the allegations of Plaintiff's Complaint:

1.

Defendants admit the allegations of paragraph 1.

2.

Defendants admit the allegations of paragraph 2.

3.

Defendants admit the allegations of paragraph 3.

4.

Defendants admit the allegations of paragraph 4.

5.

Defendants admit the nature of Plaintiff's claims of paragraph 5 but deny that any wrongful acts occurred.

6.

Defendants admit the allegations of paragraph 6.

7.

Defendants admit the allegations of paragraph 7.

8.

In response to paragraph 8, Defendants incorporate their Affirmative and Other Defenses and Answers to paragraphs 1-7.

9.

Defendants admit that Plaintiff was employed and terminated but deny the remainder of paragraph 9.

10.

Defendants deny the allegations of paragraph 10 as pled. Defendants deny the Handbook (Ex. B to Comp.) is a binding contract of employment.

11.

In response to the allegations of paragraph 11, Defendants admit that Plaintiff filed a Texas Workforce Commission claim (Ex. C to Complaint); Defendants deny it has any legal or persuasive effect in this suit.

12.

In response to paragraph 12, Defendants admit Plaintiff informed them of the death and her need for bereavement leave, which leave was granted per policy; except as admitted the allegations are denied.

13.

In response to the allegations of paragraph 13, Defendants admit Plaintiff requested and was given a copy of the funeral home information; except as admitted the allegations are denied.

14.

Defendants deny the allegations of paragraph 14 insofar as they understand the use of the words "just subsequent"; Defendants admit Plaintiff's position was filled by a male after the recruitment process was completed.

15.

Defendants deny the allegations of paragraph 15.

16.

Defendants deny the allegations of paragraph 16.

17.

Defendants deny the allegations of paragraph 17.

18.

Defendants deny the allegations of paragraph 18.

19.

In response to paragraph 19, Defendants incorporate their Affirmative and Other Defenses and Answer to paragraphs 1-18.

20.

Defendants deny the allegations of paragraph 20.

21.

Defendants deny the allegations of paragraph 21.

22.

Defendants deny the allegations of paragraph 22.

23.

In response to paragraph 23, Defendants incorporate their Affirmative and Other Defenses and Answer to paragraphs 1-22.

24.

Defendants deny the allegations of paragraph 24.

25.

In response to paragraph 25, Defendants incorporate their Affirmative and Other Defenses and Answer to paragraphs 1-24.

26.

Defendants deny the allegations of paragraph 26.

27.

Defendants deny the allegations of paragraph 27.

28.

Defendants deny the allegations of paragraph 28.

29.

In response to paragraph 29, Defendants incorporate their Affirmative and Other Defenses and Answer to paragraphs 1-28.

30.

Defendants deny as pled, the allegations of paragraph 30.

31.

Defendants deny the allegations of paragraph 31.

32.

In response to paragraph 32, Defendants incorporate their Affirmative and Other Defenses and Answer to paragraphs 1-31.

33.

Defendants deny the allegations of paragraph 33.

34.

Defendants deny the allegations as pled, in paragraph 34.

35.

Defendants deny the allegations of paragraph 35.

36.

In response to paragraph 36, Defendants incorporate their Affirmative and Other Defenses and Answer to paragraphs 1-35.

37.

Defendants deny the allegations of paragraph 37.

38.

Defendants deny the allegations of paragraph 38.

39.

In response to the allegations of paragraph 39, Defendants deny that any such cause of action exists in this case.

40.

In response to paragraph 40, Defendants incorporate their Affirmative and Other Defenses and Answer to paragraphs 1-39.

41.

Defendants deny the allegations of paragraph 41.

42.

Defendants deny the allegations of paragraph 42.

43.

In response to the allegations of paragraph 43, Defendants deny any wrongful acts occurred that entitles Plaintiff to any recovery.

Respectfully submitted,

/s/ A. John Harper II
A. John Harper II
State Bar No. 0903100
Federal ID No. 5158
A. John Harper III
State Bar No. 24032392
Federal ID No. 577124
Morgan, Lewis & Bockius LLP
1000 Louisiana, Suite 4000
Houston, Texas 77002
(713) 890-5000 - Telephone
(713) 890-5001 - Facsimile

ATTORNEYS FOR DEFENDANT
EDUCATIONAL COMMISSION FOR FOREIGN
MEDICAL GRADUATES

## CERTIFICATE OF SERVICE

The undersigned certifies that on this the 10th day of December, 2010, a true and correct copy of the foregoing was forwarded via certified mail, return receipt requested to:

KaMeCheal McKeever
8614 Saint Lo
Houston, Texas 77033

/s/ A. John Harper II
A. John Harper II

DB1/66140751.1