IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KAMECHEAL MCKEEVER, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | |
| EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES, ARTIS ELLIS, AND BRENT BIGGS, | § § § | 10-CV-2507 |
| | § | |
| Defendants. | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(f)**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, KaMeCheal McKeever, Plaintiff, and Educational Commission for Foreign Medical Graduates, Artis Ellis, and Brent Biggs, Defendants, in the above entitled and numbered cause, and file their Joint Discovery/Case Management Plan under Rule 26(f) and would respectfully show unto this Court as follows:.

1. State when the parties conferred as required by Rule 26(f), and identify the counsel who conferred.

   **Pursuant to the Court's Order Requiring Attorney Conference and Proposal for Contents of Scheduling and Discovery Order ("Order") Plaintiff *Pro Se* and Defendants conferred. The following persons participated in Rule 26(f) conference on January 10, 2011: KaMeCheal McKeever, Plaintiff and Erin E. O'Driscoll, counsel for Defendants, attended.**

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

   **None.**

3. Briefly describe what the case is about.

**Plaintiff alleges wrongful termination, racial discrimination, retaliation, disparate treatment, and hostile work environment. Plaintiff will add more facts to the case to support the claims.**

**Defendants deny each of Plaintiff's claims. Plaintiff was terminated for legitimate, nondiscriminatory and nonretaliatory reasons. Defendants did not discriminate against Plaintiff on the basis of race or sex. Moreover, Plaintiff was at all times an at-will employee and her claim for breach of contact therefore fails. Plaintiff's state law claim for intentional infliction of emotional distress is not a viable cause of action because her statutory claims provide damages for the same alleged wrongdoing that forms the basis of that claim. Finally, Plaintiff's invasion of privacy claim is without merit.**

4. Specify the allegation of federal jurisdiction.

**Federal question jurisdiction.**

5. Name the parties who disagree and the reasons.

**None.**

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

**Defendants state that they do not believe there are any additional parties. However, Plaintiff is still researching proper parties as she continues to seek counsel on this matter.**

7. List anticipated interventions.

**None.**

8. Describe class-action issues.

**None.**

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

**The parties will serve their initial disclosures within thirty days of this Court's entry of scheduling order.**

10. Describe the proposed agreed discovery plan, including:

    A. Responses to all the matters raised in Rule 26(f).

a) What changes should be made in the timing, form, or requirement for disclosures under Rule 26 (a), including a statement of when initial disclosures were made or will be made.

**At this time, the Parties do not propose any limitations be placed upon discovery other than those articulated in the Federal Rules of Civil Procedure. The parties will serve their initial disclosures within thirty days of this Court's entry of scheduling order.**

b) The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;

**The parties anticipate discovery of all claims and defenses. Discovery need not be conducted in phases, and may proceed pursuant to the Federal Rules of Civil Procedure. Discovery will be complete by September 30, 2011.**

c) Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.

**The Parties do not anticipate any issues in this regard. Plaintiff requests retrieval of all electronic stored information. Relevant emails will be produced in hard copy.**

d) Any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the court to include their agreement in an order;

**The Parties do not anticipate any issues in this regard.**

e) What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and

**The parties will proceed according to the Federal Rules of Civil Procedure and no other limitations should be imposed.**

f) Any other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c):

**At this time the parties do not believe that any other orders are required.**

B. When and to whom the plaintiff anticipates it may send interrogatories.

**Defendants, Educational Commission for Foreign Medical Graduates, Artis Ellis, and Brent Biggs.**

C. When and to whom the defendant anticipates it may send interrogatories.

**Plaintiff, KaMeCheal McKeever.**

D. Of whom and by when the plaintiff anticipates taking oral depositions.

**Defendants, Educational Commission for Foreign Medical Graduates, Artis Ellis, and Brent Biggs. Plaintiff will depose Defendants by May 31, 2011.**

E. Of whom and by when the defendant anticipates taking oral depositions.

**Plaintiff, KaMeCheal McKeever. Defendants will depose Plaintiff by May 31, 2011.**

F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

**Plaintiff will designate experts and provide reports by July 31, 2011. Defendants will designate experts and provide reports by August 31, 2011.**

G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

**It is unknown whether Plaintiff will depose an expert at this time. If an expert deposition is necessary, Plaintiff will complete that deposition within the time allotted for discovery.**

H. List expert depositions the opposing party anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

**It is unknown whether Defendants will depose an expert at this time. If an expert deposition is necessary, Defendants will complete that deposition within the time allotted for discovery.**

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

**The parties are agreed.**

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

**None to date.**

13. State the date the planned discovery can be reasonably completed.

**The Parties propose that discovery close on September 30, 2011.**

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

**The Parties discussed the contents of this order and the possibility of an early resolution before additional expenses are incurred. The parties agreed that discovery is necessary to fully explore the possibility of settlement given the nature of the claims. The parties agree that settlement is not possible at this time.**

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

**Plaintiff has submitted a settlement demand to Defendants. After consideration of Plaintiff's demand, Defendants rejected Plaintiff's demand and wish to proceed with litigation and defense of the claims alleged.**

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

**The parties are agreeable to mediation as an alternative dispute technique after initial discovery is completed.**

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

**The parties do not agree to proceed before a Magistrate Judge at this time.**

18. State whether a jury demand has been made and if was made on time.

**A timely jury demand has been made.**

19. Specify the number of hours it will take to present the evidence in this case.

**Approximately three days or 24 hours.**

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    **None at this time.**

21. List other motions pending.

    **None at this time.**

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    **None at this time.**

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

    **Defendants filed a Corporate Disclosure Statement on December 10, 2010.**

24. List the names, bar numbers, addresses and telephone numbers of all counsel.

    **KaMeCheal McKeever**
    **8614 Saint Lo**
    **Houston, Texas 77033**
    **(281) 459-3800**

    ***PRO SE* PLAINTIFF**

    **A. John Harper II**
    **State Bar No. 0903100**
    **Federal ID No. 5158**
    **A. John Harper III**
    **State Bar No. 24032392**
    **Federal ID No. 577124**
    **Erin E. O'Driscoll**
    **State Bar No. 24041610**
    **Federal ID No. 582983**
    **Morgan, Lewis & Bockius LLP**
    **1000 Louisiana, Suite 4000**
    **Houston, Texas 77002**
    **(713) 890-5000 Telephone**
    **(713) 890-5001 Facsimile**

**ATTORNEYS FOR DEFENDANTS EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES, ARTIS ELLIS, BRENT BIGGS**

*/s/ KaMeCheal McKeever* 01/18/11
Counsel for Plaintiff(s) Date

*/s/ A. John Harper II* 01/18/11
Counsel for Defendant(s) Date

Respectfully submitted,

*/s/ A. John Harper II*

A. John Harper II
State Bar No. 0903100
Federal ID No. 5158
A. John Harper III
State Bar No. 24032392
Federal ID No. 577124
Erin E. O'Driscoll
State Bar No. 24041610
Federal ID No. 582983
Morgan, Lewis & Bockius LLP
1000 Louisiana, Suite 4000
Houston, Texas 77002
(713) 890-5000 - Telephone
(713) 890-5001 - Facsimile

ATTORNEYS FOR DEFENDANTS EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES, ARTIS ELLIS, BRENT BIGGS

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this the 18th day of January, 2011, a true and correct copy of the foregoing was forwarded via CM/ECF to:

KaMeCheal McKeever
8614 Saint Lo
Houston, Texas 77033

*/s/ A. John Harper II*
A. John Harper II

DB1/66375603.1