United States Courts
Southern District of Texas
FILED

MAR 1 5 2011

David J. Bradley, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KAMECHEAL MCKEEVER, | § § | |
| Plaintiff | § § | |
| VS. | § § | CIVIL ACTION NO. |
| EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES, ARTIS ELLIS, AND BRENT BIGGS, | § § § § § | 10-CV-2507 |
| Defendants. | § | |

## PLAINTIFF'S AMENDED PLEADINGS

TO: Defendants', Educational Commission for Foreign Medical Graduates, Artis Ellis, and Brent Biggs, by here and through their attorney of record, A. John Harper II, 1000 Louisiana, Suite 4000, Houston, Texas 77002.

### INTRODUCTION

1. Plaintiff is KaMeCheal McKeever (hereinafter referred to as "Plaintiff"); Defendants are Educational Commission for Foreign Medical Graduates (hereinafter referred to as "ECFMG"), Artis L. Fowler Ellis, also known as Artis Ellis (hereinafter referred to as "Ellis"), and Brent Steven Biggs, also known as Brent Biggs (hereinafter referred to as "Biggs").

2. Plaintiff sued the Defendants for racial and/or sexual discrimination, retaliatory discrimination, and wrongful discharge.

3. The case is set for trial March 12, 2012.

4. The pretrial order requires parties to file amendments by March 15, 2011.

### ARGUMENTS

Plaintiff makes the following amendments to the pleadings to add additional facts and/or remove defective pleadings:

5. The purpose of the Plaintiff's amendment is to correct a substantive defect in the pleadings by removing sexual discrimination allegations. The change to the pleadings does not add a new claim and does not alter the nature of the trial.

## RACIAL DISCRIMINATION

6. Since 2004, there have been a number of "written" and/or verbal complaints by African American women against ECFMG for racial discrimination and/or retaliation by management, co-workers, and/or other personnel, based on disparities in treatments and other defenses known to said African American women. ECFMG hired Defendant Ellis, an African American woman, as the Assistant Center Manager, who became instrumental in a number of terminations against said African American women under the management structure, a Caucasian Center Manager and African American Assistant Center Manager, responsible for, but not limited to hiring, terminations, disciplinary actions, and/or promotions. The management structure can make it more difficult to identify racial discrimination. ECFMG condones this behavior as another African American female Standardized Trainer was terminated in 2010 a few months after filing a complaint, and after the Plaintiff,'s termination on April 1, 2010, even though there was written evidence provided to Betty Hite and/or the Human Resources Department of Defendant Ellis's fabrication of facts. Fabrications that lead to a hostile and stressful work environment for some African American women and termination. A practice the EEOC should explore for violations at the Houston center to ensure ECFMG is not terminating employees when an adequate time has elapsed since an EEOC allegation, on

any technicalities, or any other efforts to disconnect allegations from the actual reasons for any terminations.

7. Defendant Ellis racially discriminates against other African American women, especially those closer in rank such as Standardized Patient Trainers. Defendant Ellis has terminated the only two African American female trainers, who did not have a disciplinary history prior to Defendant Ellis's promotion to Center Manager. ECFMG is liable for harassment by a manager by failing to take reasonable care to prevent or correct any harassment, which subsequently resulted in termination of employment, for the Plaintiff and/or other employees. ECFMG has allowed and condoned these terminations.

8. On or about 2009, the Standardized Patient Trainers participated in an investigation against another Standardized Patient Trainer, David Strom (hereinafter referred to as "Strom"), brought forth by allegations from Standardized Patients, Jessica Hinojosa (hereinafter referred to as "Hinojosa"), a Hispanic woman, and Ashleigh Roberson (hereinafter referred to as "Roberson"), an African American woman. Strom displayed a pattern of racial and sexual discrimination towards minority women, which was reported by other Standardized Patients, men and women, to Standardized Patient Trainers.

9. Employees reported behaviors such as, but not limited to, arguments, slamming doors, hostile tones, offensive and/or racial comments, by Defendant Biggs and Strom to different levels of management, which includes management, trainers, as well as staff and/or other personnel. A female employee, Jane Curtis (hereinafter referred to as "JP"), reported feeling threatened by Strom's aggravated, loud, verbal and threatening behavior to Defendant Ellis. Ellis chose to counsel Strom, a Caucasian Man, rather than terminate employment for creating a threatening, discriminatory, and/or a hostile work

environment. Defendant Biggs also used threatening and intimidating language with a Standardized Patient Trainer, Kristina Edens, also known as Kristy Edens (hereinafter referred to as "Edens) on the day of the Plaintiff's termination. Edens felt threatened and reported the issue to Defendant Ellis. Defendant Ellis chose to counsel Defendant Biggs, a Caucasian Man, rather than terminate employment for creating a threatening and hostile work environment. Allowing both Defendant Biggs and Standardized Patient Trainer Strom, yet another opportunity for counseling and/or progressive disciplinary actions. Options that were never applied to the Plaintiff, who returned from bereavement and had no previous disciplinary history, for an "alleged" misconduct.

10. Defendant Ellis has also allowed progressive disciplinary actions and/ or counseling opportunities in other cases of misconduct from Caucasian males.

## **WRONGFUL DISCHARGE**

11. On or about January 2010, Defendant Ellis fabricated information in the Plaintiff's 2009 performance evaluation. The Plaintiff provided documentation and asked Defendant Ellis to correct the misinformation. Defendant Ellis refused, became aggressive, and intimidating denying ever receiving information, even though documentation was clearly available. The Plaintiff inquired into who could correct the misinformation, Human Resources or the IT Department? Defendant Ellis became cooperative after a thirty minute conversation about the inaccuracy, but alleged she was unable to correct the misinformation once submitted and advised to make a comment. This was one of many examples of Defendant Ellis misconstruing facts and refusing to take accountability or responsiblility.

12. The Plaintiff initially requested bereavement leave over the weekend via e-mail on or about March 19, 2010.  However, the Plaintiff decided not to exercise bereavement, because the Plaintiff had been experiencing a lot of family losses that staff were knwoeldgeable of.  Defendant Ellis constantly harassed the Plaintiff for deciding to cancel the bereavement request.  The Plaintiff asked for privacy and did not feel up to discussing the details of the Plaintiff's grandfather's death with Defendant Ellis; especially, since the Plaintiff was cancelling the request.  Though, the Plaintiff decided not to attend the funeral services, Defendant Ellis continued to write the Plaintiff requesting information to send flowers to the Plaintiff's family, which were never received, copying Human Resources.  Defendant Ellis convinced the Plaintiff to take bereavement a couple of days later, and Defendant Ellis used the bereavement as an opportunity to portray the Plaintiff as uncooperative and not forthcoming with information, which was discovered during the follow-up on March 30, 2010 when Defendant Biggs referenced the Plaintiff's discontent with ECFMG and alleged the Plaintiff was setting ECFMG up for a law suit by requesting a copy of documentation, that the Plaintiff would have had a copy or been privy to, if internal policies were followed correctly.  Standardized Patient Trainers were aware that the Plaintiff had no intentions of filing a lawsuit against ECFMG.  Only to maintain records, since Defendant Ellis frequently denied and often failed to recall information relayed by the Plaintiff. However, ECFMG's actions by terminating the employee after charges of EEOC racial discriminatory complaints resulted in legal action.
13. In addition to the wrongful termination of the Plaintiff, ECFMG made derogatory statements that were defamatory and/or violated the Plaintiff's privacy and

confidentiality. Defendant Biggs made accusations about the legitimacy of the Plaintiff's bereavement request by stating, "Didn't she just take a bereavement leave to go to her grandfather's funeral? How many grandfathers' does she have?" A gross assumption when death records are recorded by the relevant State and the previous bereavement was for a different relative. Defendant Biggs also defamed the Plaintiff when allegations were made that a bereaving employee was unhappy working for ECFMG and was preparing for litigation during the March 30, 2010 follow-up meeting. During the meeting on March 30, 2010, the Plaintiff entered a charge of racial and retaliatory discrimination against the perpetuators Defendants Ellis and Biggs providing multiple examples from the Plaintiff's personal experience, as well as other staff members expereince. ECFMG also disclosed the Plaintiff's reason for termination to other employees, a violation of the Plaintiff's privacy and confidentiality.

14. ECFMG behaved with malice against the Plaintiff in its wrongful termination by using the Plaintiff's sensitive emotional condition due to bereavement as an opportunity to terminate the Plaintiff. ECFMG terminated the Plaintiff's employment on April 1, 2010, April Fool's Day, making a mockery and example of the Plaintiff's termination to inflict intentional emotional distress.

15. ECFMG committed tortious conduct by fabricating the reasons for thePlaintiff's termination to other employees, as well as to the Texas Workforce Commission (hereinafter referred to as "TWC"). ECFMG withheld the racial discrimination charges and behaviors that were made against Defendant Biggs and Ellis, as well as the reason for the meeting to discuss the bereavement policy and Defendant Biggs behavior on March 29, 2010. Defendant Ellis misconstrued facts in regards to March 17, 2010 to present an

inappropriate employee behaviorial issue, a defiance and/or insubordination that did not exist to the TWC.

16. ECFMG employs policies that work in favor of the employer, by not requiring certain verbal warnings and/or discussions to be signed by employee's, which allows ECFMG certain freedoms to allege counseling or other disciplinary issues occurred, to provide a "pattern of inappropriate conduct" that did not occur. Conduct that was not reported in performance evaluations nor was the Plaintiff ever counseled as alleged with the TWC.

17. Instead, Defendant Ellis reported and misconstrued facts that are and were supported by documentation by the Plaintiff in the performance evaluation. Defendant Ellis alleged the Plaintiff did not report accidents, one which occurred on the Plaintiff's personal time and had no bearing to the Plaintiff's employment schedule, which the Plaintiff was not required to disclose, requiring disclosure holds the Plaintiff to a higher standard than other similarly situated Standardized Patient Trainers, and the other which the Plaintiff reported by e-mail and telephonic communications. However, Defendant Ellis refused to correct the misinformation. Defendant Ellis also misconstrued the Plaintiff taking initiative on a pre-approved vacation during the Thanksgiving Holidays, as not reporting the previous accident rather than coming in two days later, after an accident, to assist JP with the ad-hoc schedule by training Standardized Patient Joanne McCormick (hereinafter reffered to as "McCormick").

## **RETALIATION**

18. ECFMG retaliated against the Plaintiff for filing a racial discriminatory complaint and opposing a practice of unfair treatment, which resulted in the Plaintiff's termination of employment and benefits.

19. Plaintiff alleges that Defendants ECFMG, Ellis, and Biggs, through their intentional, willful, wanton, and malicious acts, all of which constitute either racial and/or retaliatory discriminatory acts, subjected the Plaintiff to discriminatory practices and hostile employer actions, resulting in wrongful termination, which have directly and proximately caused Plaintiff to suffer damages, which are of a past, present, and future nature, and which include, but are not limited, to the following:

   a. Compensatory damages for past, present, and future loss of wages and employee benefits including, but not limited to, vacation pay, sick pay, bereavement pay, retirement benefits under a 403(b) retirement plan, educational reimbursement benefits, hospitalization benefits, and all other benefits;

   b. Compensatory damages for personal injuries including, but not limited to, damages for mental pain and suffering, mental anguish, depression, embarrassment, and humiliation;

   c. Compensatory damages in the form of legal interest relating to all lost wages and benefits sustained by Plaintiff;

   d. Punitive damages to be recovered by Plaintiff intended to punish Defendants ECFMG, Ellis, and Biggs for their willful, wanton, malicious, retaliatory, and discriminatory acts committed by them towards the Plaintiff and to prevent them from committing any such wrongful acts in the future against similarly situated employees of Defendants ECFMG;

   e. All attorney fees incurred by Plaintiff in prosecution of claims, if applicable.

Plaintiff further demands to be reinstated to her former position as a Standardized Patient Trainer and that the Plaintiff's employment record be completely expunged of any reference that she was terminated, as well as any reference, direct or indirect, that the Plaintiff committed any act of misconduct of any nature or any other alleged patterns unprofessional behavior.

WHEREFORE, Plaintiff demands judgment against Defendants ECFMG in an amount of compensatory and punitive damages sufficient to compensate the Plaintiff for all her financial losses and personal damages, past, present, and future, sustained or to be sustained by her, legal interest and reasonable attorneys fees incurred by her, plus whatever other relief that the court may deem just.

Respectfully submitted,

_KaMeCheal McKeever 3-15-11_
KaMeCheal McKeever
8614 Saint Lo
Houston, Texas 77033
Plaintiff, Pro Se

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this _15th_ day of March, 2011, a true and correct copy of the foregoing was forwarded to Defendants, Educational Commission for Foreign Medical Graduates, Artis Ellis, and Brent Biggs, by and through their attorney of record, A. John Harper II, 1000 Louisiana, suite 4000, Houston, TX 77002 via fax, email, or certified mail, return receipt requested, on this the 25th day of February, 2011.

KaMeCheal McKeever
8614 Saint Lo
Houston, Texas 77033

_KaMeCheal McKeever 3-15-11_