IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KAMECHEAL MCKEEVER, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | |
| EDUCATIONAL COMMISSION FOR | § | 10-CV-2507 |
| FOREIGN MEDICAL GRADUATES, | § | |
| ARTIS ELLIS, AND BRENT BIGGS, | § | |
| | § | |
| Defendants. | § | |

### AFFIRMATIVE AND OTHER DEFENSES AND
### ANSWER TO SECOND AMENDED COMPLAINT

COME NOW Educational Commission for Foreign Medical Graduates, Artis Ellis and Brent Biggs ("Defendants"), and file their Affirmative and Other Defenses and Answer to Plaintiff's Second Amended Complaint ("Complaint"), and state:

1.

Plaintiff's Complaint, in whole or in part, fails to state a cause of action upon which relief can be granted.

2.

Plaintiff's Complaint against the individual Defendants should be dismissed in that there is no individual liability under Title VII.

3.

Plaintiff's Complaint predicated upon the intentional infliction of emotional distress should be dismissed in that such cause of action is not available in this case.

4.

Plaintiff was an "at will" employee under state law and her claims for "wrongful discharge" should be dismissed in that it is not a cause of action under state law.

5.

Plaintiff's claims as to "invasion of privacy" fail to allege conduct sufficient to invoke or satisfy that tort's requirements.

6.

Plaintiff's Complaint predicated upon alleged wrongful conduct involving funeral leave fails to state a claim under state or federal law.

7.

Plaintiff's claim for punitive damages would violate the Fourteenth Amendment to the U.S. Constitution and Article 1, Sections 13 and 16 of the Texas Constitution under the facts and circumstances of this case.

8.

Plaintiff's claim for punitive damages is limited by the caps of 42 U.S.C. § 1981a and the provisions of the Texas Civil Practice and Remedies Code.

9.

Plaintiff's claims for punitive damages must be established by clear and convincing evidence as a matter of law.

10.

Plaintiff has failed to mitigate her damages, if any, as required by law.

11.

Plaintiff's Complaint under Title VII is barred insofar as it is predicated upon events occurring more than 300 days prior to the filing of her charge

12.

Plaintiff's Complaint is barred in part by the applicable statute of limitations.

13.

Plaintiff's Complaint under Title VII is bared insofar as it exceeds the scope of the underlying EEOC charge.

14.

Plaintiff, as a *pro se* litigant, is not entitled to recovery of attorney's fees and her claim therefore should be dismissed.

15.

Any statements made by Defendants were true or substantially true and do not support a claim for defamation.

16.

Any statements made by Defendants were qualifiedly privileged or absolutely privileged.

17.

Plaintiff did not participate in protected activity sufficient to entitle her to any protection under any of the applicable statutes as alleged.

## ANSWER

Subject to the above and foregoing Affirmative and Other Defenses, Defendants plead as follows to the allegations of Plaintiff's Second Amended Complaint:

1.

Defendants admit the allegations of paragraph 1.

2.

Defendants admit the nature of Plaintiff allegations in paragraph 2, but deny that any unlawful conduct has occurred.

3.

Defendants admit the allegations of paragraph 3.

4.

Defendants admit the allegations of paragraph 4.

5.

Defendants are without sufficient knowledge to admit or deny Plaintiff's alleged purpose in amending her pleadings, and therefore deny the allegations of Paragraph 5, except they admit she has dropped her claim of sexual discrimination.

6.

Defendants admit that Defendant Ellis, an African American woman, was hired as Assistant Center Manager, however, Defendants deny the remaining allegations of paragraph 6.

7.

Defendants deny the allegations of paragraph 7.

8.

Defendants deny the allegations of paragraph 8.

9.

Defendants deny the allegations of paragraph 9.

10.

Defendants deny the allegations of paragraph 10.

11.

Defendants deny the allegations of paragraph 11.

12.

In response to paragraph 12, Defendants admit Plaintiff informed them of the death and her need for bereavement leave, which leave was granted per policy; except as admitted the allegations are denied.

13.

In response to the allegations of paragraph 13, Defendants admit that they met with Plaintiff on March 30, 2010; except as admitted the allegations are denied.

14.

In response to the allegations of paragraph 14, Defendants admit they terminated Plaintiff's employment on April 1, 2010; except as admitted the allegations are denied.

15.

Defendants deny the allegations of paragraph 15.

16.

Defendants deny the allegations of paragraph 16.

17.

In response to the allegations of paragraph 17, Defendants admit that Plaintiff reported a car accident via e-mail to Defendants; except as admitted the allegations are denied.

18.

Defendants deny the allegations of paragraph 18.

19.

In response to the allegations of paragraph 19, Defendants deny any wrongful acts occurred that entitles Plaintiff to any recovery.

Respectfully submitted,

/s/ A. John Harper II
A. John Harper II
State Bar No. 0903100
Federal ID No. 5158
A. John Harper III
State Bar No. 24032392
Federal ID No. 577124
Erin E. O'Driscoll
Federal ID No. 582983
Morgan, Lewis & Bockius LLP
1000 Louisiana, Suite 4000
Houston, Texas 77002
(713) 890-5000 - Telephone
(713) 890-5001 - Facsimile

ATTORNEYS FOR DEFENDANTS
EDUCATIONAL COMMISSION FOR FOREIGN
MEDICAL GRADUATES, ARTIS ELLIS, AND
BRENT BIGGS

## CERTIFICATE OF SERVICE

The undersigned certifies that on this the 29th day of March, 2011, a true and correct copy of the foregoing was forwarded via certified mail, return receipt requested to:

KaMeCheal McKeever
8614 Saint Lo
Houston, Texas 77033

/s/ *Erin E. O'Driscoll*
Erin E. O'Driscoll

DB1/66910941.2